1  **Libby Wong (SBN 173824)**
   *lwong@ww.law*
2  **WOLFE & WYMAN LLP**
   **2212 Dupont Drive**
3  **Irvine, California 92612-1525**
   **Telephone: (949) 475-9200**
4  **Facsimile: (949) 475-9203**

5  **Attorneys for Defendant**
   **PNC BANK, N.A.**

6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JESSE M. RICKARD,                    Case No.: 8:26-cv-00005-DFM

12          Plaintiffs,                  Hon. Douglas F. McCormick

13    v.                                 **DEFENDANT PNC BANK, N.A.'S**
                                         **NOTICE OF MOTION AND**
14  PNC BANK, NATIONAL                   **MOTION TO DISMISS**
    ASSOCIATION; and DOES 1-10;          **COMPLAINT; MEMORANDUM**
15  inclusive,                           **OF POINTS AND AUTHORITIES**

16          Defendants.                  Date:  February 10, 2026
                                         Time:  10:00 a.m.
17                                       Ctrm:  6B

18

19                                       Action Filed: November 24, 2025

20

21  **TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS**

22  **OF RECORD:**

23          **PLEASE TAKE NOTICE** that on **February 10, 2026, at 10:00 a.m.,** in

24  Courtroom 6B of the above-entitled Court, located at 411 West 4th Street, 6th Floor,

25  Santa Ana, California 92701, Defendant PNC BANK, N.A. ("Defendant" or "PNC")

26  will, and hereby does, move the Court for an order dismissing the Complaint of

27  Plaintiff JESSE M. RICKARD ("Plaintiff"), without leave to amend, pursuant to

28  Federal Rules of Civil Procedure ("FRCP"), Rules 12(b)(6), for failure to state a claim

1

5509406.1

1  upon which relief can be granted, and (b)(7), for failure to join a necessary party under

2  Rule 19.

3         This motion is made following a conference of counsel that took place by

4  telephone on December 31, 2025 (more than 7 days prior to the filing of this motion)

5  pursuant to Local Rule 7-3. As detailed in the Declaration of Libby Wong, Plaintiff's

6  counsel and PNC's counsel were unable to reach a resolution that eliminates the

7  necessity for a hearing following the conference of counsel. (See Decl. of Wong.)

8         This motion will be based on this Notice of Motion, the attached Memorandum

9  of Points and Authorities, the Request for Judicial Notice filed and served

10  concurrently herewith, the Declaration of Libby Wong filed and served concurrently

11  herewith, the records and pleadings on file herein and upon such other

12  evidence and arguments as may be presented at the hearing of the motion.

13  DATED:  January 9,  2026              WOLFE & WYMAN LLP

14

15                                        By:  _/s/ Libby Wong_____

16                                            LIBBY WONG
                                          Attorneys for Defendant
17                                        PNC BANK, N.A.

18

19

20

21

22

23

24

25

26

27

28

5509406.1

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 6

I.  INTRODUCTION .......................................................................... 6

II.  STATEMENT OF FACTS ............................................................ 8

    A.  Judicially Noticeable Matters ............................................... 8

    B.  Plaintiff's Allegations .......................................................... 9

III.  LEGAL ARGUMENT .................................................................. 10

    A.  A Motion to Dismiss Pursuant to FRCP 12(b)(6) Is Appropriate Because the Entire Complaint Fails to State a Claim Upon Which Relief Can Be Granted. ..................................................... 10

        1.  The First Cause of Action for "Violation of Title 12 C.F.R.10 § 1024.40(b)(1)(i), Failing to Provide Homeowner With Foreclosure Options/Alternatives" Fails to State a Claim. ............. 10

        2.  The Second Cause of Action for "Violation of 12 C.F.R. § 1024.40(a) & (b), Single Point of Contact" Fails to State a Claim. ..................................................... 12

        3.  The Third Cause of Action for "Violation of 12 C.F.R. § 1024.41(c)(3)(i)(A-D), Loss Mitigation Procedures, No Written Acknowledgment of Receipt of Request for Modification Assistance" Fails to State a Claim. .......................... 12

        4.  The Fourth Cause of Action for "Wrongful Foreclosure" Fails to State a Claim. ................................................ 15

    B.  A Motion to Dismiss Pursuant to FRCP 12(b)(7) is Appropriate Because Plaintiff Failed to Join All of the Necessary Parties Under Rule 19. .......................................................... 18

IV.  CONCLUSION .......................................................................... 18

CERTIFICATE OF COMPLIANCE .......................................................... 19

3

5509406.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

# TABLE OF AUTHORITIES

**Cases**

*Abdallah v. United Savings Bank*
(1996) 43 Cal.App.4th 1101, 1109 ........................................................ 17

*Barbieri v. PWFG REO Owner, LLC*
2013 WL 57865, at *4 (N.D. Cal. Jan. 2, 2013) .................................... 18

*Bell Atlantic Corp. v. Twombly*
127 S.Ct. 1955, 1964-1965 (2007) ....................................................... 11

*Brown v. Bank of New York Mellon*
2016 WL 2726645, at *2 (E.D. Va. May 9, 2016) ................................ 12

*Coury v. Caliber Home Loans, Inc*.
2016 WL 6962882, at *4 (N.D. Cal. Nov. 29, 2016) ............................ 14

*Datagate, Inc. v. Hewlett-Packard Co.*
941 F.2d 864, 870 (9th Cir. 1991), cert. den., 503 U.S. 984 (1992) ..... 11

*De La Cruz v. Tormey*
582 F.2d 45, 48 (9th Cir. 1978) ............................................................ 11

*Flate v. Mortgage Lenders Network USA, Inc.*
2016 WL 9686051, at *3 (C.D. Cal. Mar. 4, 2016) .............................. 15

*Hahn v. Select Portfolio Servicing, Inc.*
424 F.Supp.3d 614, 630-631(N.D. Cal. 2020) ..................................... 15

*Harris v. Wells Fargo Bank, N.A.*
2016 WL 11525309, at *3 (C.D. Cal. Aug. 18, 2016) .................... 12, 13

*Karlsen v. American Savings & Loan Assn.*
(1971) 15 Cal.App.3d 112 ..................................................................... 17

*Lal v. American Home Servicing, Inc.*
680 F.Supp.2d 1218, 1224 (C.D. Cal. 2010) ........................................ 15

*Mattos v. Nationstar Mortgage, LLC*
| 2025 WL 1263985, at *4 (E.D. Cal. May 1, 2025) .............................. 17

*McHenry v. Renne*
84 F.3d 1172, 1177 (9th Cir. 1996) ...................................................... 11

*Moeller v. Lien*
(1994) 25 Cal.App.4th 822, 830-831. .................................................... 18

*Roque v. Suntrust Mortgage, Inc.*
2010 WL 546896, at *4 (N.D. Cal. Feb. 10, 2010) .............................. 17

*Saterbak v. JP Morgan Chase Bank, N.A.*
(2016) 245 Cal.App.4th 808 .................................................................. 17

4

5509406.1

*Schmidt v. PennyMac Loan Servs.*
    LLC, 106 F.Supp.3d 859, 871 (E.D. Mich. 2015) ...................................12

*Skilstaf, Inc. v. CVS Caremark Corp.*
    669 F.3d 1005, 1016, fn. 9 (9th Cir. 2012) ...................................9

*Sprewell v. Golden State Warriors*
    266 F.3d 979, 988 (9th Cir. 2001)...................................11

*Thomas v. Wells Fargo Bank, N.A.*
    2017 WL 3877739, at *4 (S.D. Cal. Sept. 4, 2017) ...................................16

**Statutes**

12 U.S.C. § 2601, *et seq-Real Estate Settlement Procedures Act*...................................6

California Civil Code 2924b...................................17

**Other Authorities**

Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act
    (Regulation X), 78 FR 10696-01, 2013 WL 525347 (F.R.) at 10698......................12

**Regulations**

12 C.F.R. §§ 1024.35, 1024.39...................................11

12 C.F.R. § 1024.40...................................passim

12 C.F.R. § 1024.40(a) & (b)...................................6, 12

12 C.F.R. § 1024.40(b)(1)(i)...................................passim

12 C.F.R. § 1024.41...................................15

12 C.F.R. § 1024.41(b)(1) ...................................13

12 C.F.R. § 1024.41(c)(3)(i)(A)-(D) ...................................passim

**Rules**

Fed.R.Civ.P 12(b)(6) ...................................10

FRCP, Rule 8(a)...................................10

Central District Court Local Rule 7-3 ...................................2

**TABLE OF CONTENTS / TABLE OF AUTHORITIES 8:26-CV-00005**

5509406.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This action arises out of a loan made to Jesse M. Rickard and Loretta J. Rickard, as Trustees of the J&L Rickard 2006 Family Trust. The loan is secured by a Deed of Trust encumbering real property located at 10357 Orrey Place, Garden Grove, CA 92843 ("Subject Property"). After the loan went into default, the Subject Property was foreclosed upon and sold to a third party in October 2025.

On November 24, 2025, Plaintiff, JESSE M. RICKARD ("Plaintiff")[1] filed this lawsuit against Defendant PNC Bank, N.A. ("PNC"), as loan servicer and holder of the Deed of Trust, seeking damages and a judgment to set aside the foreclosure sale.[2] Based on bareboned and conclusory allegations, Plaintiff attempts to assert the following causes of action against PNC for: (1) violation of Title 12 C.F.R. § 1024.40(b)(1)(i), based on an alleged failure to provide homeowner with foreclosure options/alternatives; (2) violation of 12 C.F.R. § 1024.40(a) & (b), requiring appointment in certain instances of a single point of contact; (3) violation of 12 C.F.R. § 1024.41(c)(3)(i)(A-D), no written acknowledgment of receipt of loss mitigation application; and (4) wrongful foreclosure.  The first three causes of action allege violations of federal implementing regulations of the Real Estate Settlement Procedures Act ("RESPA"), codified under 12 U.S.C. § 2601, *et seq.*

---

[1] Although Plaintiff does not make any reference to co-borrower Loretta J. Rickard in the Complaint, a death certificate obtained by PNC shows that Loretta Rickard passed away on or about December 5, 2018.

[2] In certain sections of the Complaint, Plaintiff also alleges that he seeks injunctive relief to postpone the foreclosure (¶18) or an order enjoining the foreclosure sale (¶36). However, because the foreclosure sale has already occurred and the property was sold to a third party, Plaintiff's claims are moot. Constitutional mootness applies when an event occurs that makes it "impossible for the court to grant any effectual relief." *In re Davis* (C.D. Cal. Aug. 17, 2018) 2018 WL 6585451, at *1; *Guiterrez v. Ocwen Loan Servicing, LLC* (E.D. Cal. Feb. 20, 2009) 2009 WL 426606, at *3 (borrower's claim to enjoin foreclosure sale was moot since the foreclosure sale already took place).)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

5509406.1

The Complaint was originally filed in the Orange County Superior Court, but was removed to this Court by PNC on January 2, 2026 based upon Plaintiff's assertion of federal law claims. The Court may exercise supplemental jurisdiction over the state law cause of action for wrongful foreclosure.

The Complaint is facially deficient, and Defendants' Motion to Dismiss should be granted for the following reasons:

1. The entire Complaint fails to state a claim upon which relief can be granted.

 a. The first and second causes of action for violation of Title 12 C.F.R. § 1024.40 fail to state a claim because that regulation does not confer upon borrowers a private right of action.

 b. The third cause of action for violation of 12 C.F.R. § 1024.41(c)(3)(i)(A-D) fails to state a claim because compliance with the regulation is not required if Plaintiff already received a loan modification, which, in this instance, he admits he received from PNC in 2022.  Additionally, Plaintiff has failed to allege a nexus between the purported violation of the regulation and any actual damages he claims to have suffered.

 c. The fourth cause of action for wrongful foreclosure fails to state a claim because Plaintiff has failed to allege the required elements of a wrongful foreclosure action. Additionally, the fourth cause of action fails because Plaintiff has failed to allege tender of the loan debt, which is a condition precedent to any claim for wrongful foreclosure. Moreover, if a trustee's deed upon sale recites that all statutory requirements and procedures required by law have been satisfied, there is a <u>conclusive</u> presumption that the sale has been properly conducted as to bona fide purchasers. In this instance, the Subject Property was sold to bona fide purchasers.

2. The Complaint also fails because Plaintiff failed to join all necessary parties under Rule 19.  The purchasers of the Subject Property are the current owners

///

MEMORANDUM OF POINTS AND AUTHORITIES 8:26-CV-00005

5509406.1

of the Subject Property and would need to be joined as parties to the lawsuit, to the extent Plaintiff is seeking to set aside the foreclosure sale.

## II.    STATEMENT OF FACTS

### A.    Judicially Noticeable Matters

A court may take judicial notice of matters of public record pursuant to Federal Rules of Evidence, Rule 201 when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, fn. 9 (9th Cir. 2012).  Here, the documents recorded in the Orange County Recorder's office are judicially noticeable and show the following relevant facts:

On or about September 26, 2013, a loan in the amount of $257,500.00 was made by EverBank, as lender, to Jesse M. Rickard and Loretta J. Rickard, as Trustees of the J&L Rickard 2006 Family Trust ("Subject Loan"). (**RFJN, Exhibit "1"**; Compl., ¶10.) The Subject Loan is secured by a Deed of Trust, recorded on November 5, 2013 ("Subject Deed of Trust") encumbering the Subject Property.  (RFJN, "Exhibit "1"; Compl., ¶10.)  Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for EverBank and its assigns, is identified as the beneficiary of the Subject Deed of Trust. (RFJN, Exhibit "1.")

On or about August 3, 2018, an Assignment of Deed of Trust was recorded, reflecting that the beneficial interest in the Subject Deed of Trust was assigned from MERS, acting solely as nominee for Everbank and its assigns, to TIAA, FSB. (**RFJN, Exhibit "2."**)

On or about December 12, 2022, a Corporation Assignment of Deed of Trust was recorded, reflecting that the beneficial interest in the Subject Deed of Trust was assigned from TIAA, FSB to PNC Bank, N.A. (**RFJN, Exhibit "3"**; Compl., ¶11.)

On February 8, 2023, a "Loan Modification Agreement (Deed of Trust)" was recorded. (**RFJN, Exhibit "4"**; Compl., ¶14.)   The Loan Modification Agreement was entered into between Jesse M. Rickard, individually and as Trustee of the J&L Rickard 2006 Family Trust, on the one hand, and PNC, on the other hand in July

5509406.1

2022. (RFJN, Exhibit "4.") The Loan Modification Agreement established, among other things, that as of May 1, 2022, the new principal amount on the Subject Loan would be $215,503.75 and the new fixed interest rate would be 4.6250%. (RFJN, Exhibit "4.")

On or about May 20, 2025, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Subject Property. (**RFJN, Exhibit "5"**; Compl., ¶12.)

On or about August 26, 2025, a Notice of Trustee's Sale was recorded against the Subject Property. (**RFJN, Exhibit "6"**; Compl., ¶13.)

On or about November 6, 2025, a Trustee's Deed Upon Sale was recorded against the Subject Property. (**RFJN, Exhibit "7"**; Compl., ¶13.) The Trustee's Deed Upon Sale reflects that on October 17, 2025, a foreclosure sale occurred and the Subject Property was sold to third parties, Hoang Kim Ngan Nguyen ("Nguyen") and Sang Duc Tran ("Tran"). Nguyen and Tran paid the amount of $795,000.00 for the Subject Property. (RFJN, Exhibit "7.")

### B.  <u>Plaintiff's Allegations</u>

The Complaint is predicated on the following bareboned allegations:

Plaintiff vaguely alleges that PNC failed to contact him at some unspecified time to inquire about and provide him with foreclosure prevention options, allegedly in violation of 12 C.F.R. § 1024.40(b)(1)(i). (Compl., ¶17.)

Plaintiff also vaguely alleges that PNC failed to assign him a single point of contact, allegedly in violation of 12 C.F.R. § 1024.40(a) and (b). (Compl., ¶23.)

Plaintiff further alleges in a vague and confusing manner that Plaintiff had requested "assistance" from PNC but PNC failed to provide him with a written acknowledgment of his "[r]equest for assistance," allegedly in violation of 12 C.F.R. § 1024.41(c)(3)(i)(A-D) (Compl., ¶26, 28.)

///

///

5509406.1

## III.    LEGAL ARGUMENT

### A.    A Motion to Dismiss Pursuant to FRCP 12(b)(6) Is Appropriate Because the Entire Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

A motion to dismiss pursuant to FRCP, Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007); Fed.R.Civ.P 12(b)(6).  A motion to dismiss may be granted where the court determines that the facts alleged, if true, would not entitle a plaintiff to any relief. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). However, for purposes of a motion to dismiss, "the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Further, under FRCP, Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). To comply, a plaintiff's claims must be stated simply, concisely, and directly. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). A complaint must give the defendant fair notice of the plaintiff's claims and the grounds on which they rest. *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991), cert. den., 503 U.S. 984 (1992).

Here, for reasons discussed below, the Complaint does not meet the minimum threshold of stating a plausible claim upon which relief can be granted.

### 1.    The First Cause of Action for "Violation of Title 12 C.F.R. § 1024.40(b)(1)(i), Failing to Provide Homeowner With Foreclosure Options/Alternatives" Fails to State a Claim.

12 C.F.R. § 1024.40(b)(1)(i), which is part of RESPA's Regulation X, provides: "(b) Functions of servicer personnel. A servicer shall maintain policies and procedures reasonably designed to ensure that servicer personnel assigned to
///

5509406.1

a delinquent borrower as described in paragraph (a) of this section perform the following functions:

> (1) Provide the borrower with accurate information about:
>
> > (i) Loss mitigation options available to the borrower from the owner or assignee of the borrower's mortgage loan..."

12 C.F.R. § 1024.40(b)(1)(i).

Plaintiff vaguely alleges that PNC failed to contact him at some unknown time to provide him with foreclosure prevention options in violation of 12 C.F.R. § 1024.40(b)(1)(i). (Compl., ¶17.) Plaintiff, however, does not explain how there was a violation of this regulation.

This claim fails on its face for the straightforward reason that 12 C.F.R. § 1024.40 does not confer upon borrowers a private right of action. *Harris v. Wells Fargo Bank, N.A.*, 2016 WL 11525309, at *3 (C.D. Cal. Aug. 18, 2016) ("[t]he Court agrees … Section 124.40 does not confer upon borrowers a private right of action against lenders"); *see also, Schmidt v. PennyMac Loan Servs.*, LLC, 106 F.Supp.3d 859, 871 (E.D. Mich. 2015) ("no private cause of action is available to enforce 12 C.F.R. § 1024.40"); *Brown v. Bank of New York Mellon*, 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016) ("With respect to plaintiff's Regulation X claims in Counts II-V, defendants correctly argue that 12 C.F.R. §§ 1024.35, 1024.39, and 1024.40 do not explicitly provide a cause of action to private individuals").[3]

As noted in *Harris*, the Mortgage Servicing Rules issued by the Bureau of Consumer Financial Protection state: " 'The Bureau [of Consumer Financial

---

[3] In any event, even if there was a private right of action (which there is <u>not</u>), Plaintiff had previously secured a loan modification from PNC in 2022 and therefore clearly was aware of his loss mitigation options.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

5509406.1

Protection] and prudential regulators will be able to supervise servicers within their jurisdiction to assure compliance … but there will not be a private right of action to enforce [12 C.F.R. § 1024.40].' <u>Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act </u>(Regulation X), 78 FR 10696-01, 2013 WL 525347 (F.R.) at 10698." *Harris,* 2016 WL 11525309, at *3.

Therefore, because Plaintiff has no legal right to bring a cause of action under 12 C.F.R. § 1024.40, the Motion to Dismiss should be granted without leave to amend.

2.       **The Second Cause of Action for "Violation of 12 C.F.R. § 1024.40(a) & (b), Single Point of Contact" Fails to State a Claim.**

In the second cause of action, Plaintiff vaguely alleges that PNC failed to assign him a single point of contact in violation of 12 C.F.R. § 1024.40(a) and (b). (Compl., ¶23.)

As with the first cause of action, the second cause of action must also fail because it is predicated on 12 C.F.R. § 1024.40, which does not provide for a private right of action. Accordingly, the second cause of action fails as a matter of law and must be dismissed.

3.       **The Third Cause of Action for Violation of 12 C.F.R. § 1024.41(c)(3)(i)(A-D), Loss Mitigation Procedures, No Written Acknowledgment of Receipt of Request for Modification Assistance" Fails to State a Claim.**

In the third cause of action, Plaintiff purports to allege a violation of 12 C.F.R. § 1024.41(c)(3)(i)(A)-(D).

12 C.F.R. § 1024.41 specifies the loss mitigation procedures that must be followed by a loan servicer in certain circumstances outlined in the regulation. Specifically, Section 1024.41(c) only applies where a loan servicer receives a

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

5509406.1

"complete" loss mitigation application more than 37 days before a foreclosure sale. *Coury v. Caliber Home Loans, Inc*., 2016 WL 6962882, at *4 (N.D. Cal. Nov. 29, 2016). For purposes of this regulation, a "complete" loss mitigation application means an application in which "a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

Section 1024.41(c)(3)(i)A-(D) provides that, with limited exceptions, if a "complete" loss mitigation application is received by a loan servicer more than 37 days before a foreclosure sale, then within 5 days (excluding legal public holidays, Saturdays and Sundays) after receiving such application, the servicer shall provide the borrower a written notice that sets forth the following:

"(A) That the loss mitigation application is complete;

(B) The date the servicer received the complete application;

(C) That the servicer expects to complete its evaluation within 30 days of the date it received the complete application;

(D) That the borrower is entitled to certain foreclosure protections because the servicer has received the complete application, and, as applicable, either:

(1) If the servicer has not made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, that the servicer cannot make the first notice or filing required to commence or initiate the foreclosure process under applicable law before evaluating the borrower's complete application; or

(2) If the servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, that the servicer has begun the foreclosure process, and that the servicer cannot conduct a foreclosure sale before evaluating the borrower's complete application…"

12 C.F.R. § 1024.41(c)(3)(i)(A)-(D).

5509406.1

a.  **Plaintiff Has Not Pled Sufficient Facts to Show an Alleged Violation.**

Here, Plaintiff has not pled sufficient facts to show any violation of 12 C.F.R. § 1024.41(c)(3)(i)(A)-(D).  At a bare minimum, Plaintiff would have to allege that he submitted a "complete" loss mitigation application, which was received by PNC more than 37 days before a foreclosure sale, and that PNC did not provide the required response within the five-day time period. Plaintiff does not -and cannot- make this allegation.

Instead, Plaintiff only alleges in a vague and confusing manner that he had requested "assistance" from PNC and submitted a loan modification application in mid-2024 (which he does not allege is complete), and that PNC failed to provide him with a written acknowledgment of his "[r]equest for assistance." (Compl., ¶26, 28.) Such allegations are insufficient as a matter of law to state a claim under 12 C.F.R. § 1024.41(c)(3)(i)(A)-(D).

b.  **Plaintiff Has Failed to Demonstrate a Nexus Between the Alleged Violation and Any Actual Damages.**

Further, even if Plaintiff could allege that a technical violation occurred (which he did not), Plaintiff's claim would still fail because Plaintiff has failed to allege a causal nexus between any alleged violation and actual damages. In order to recover damages under RESPA, a borrower is required to demonstrate that he or she suffered actual damages as a direct result of the alleged RESPA violation. *Hahn v. Select Portfolio Servicing, Inc.,* 424 F.Supp.3d 614, 630-631(N.D. Cal. 2020) (plaintiffs failed to allege damages causally linked to alleged RESPA violations); *Flate v. Mortgage Lenders Network USA, Inc*., 2016 WL 9686051, at *3 (C.D. Cal. Mar. 4, 2016) (plaintiffs' allegations were deficient because they failed to allege damages "as a result of" the loan servicer's alleged violations of RESPA regulations); *Lal v. American Home Servicing, Inc.,*680 F.Supp.2d 1218, 1224 (C.D. Cal. 2010) (alleged ///

MEMORANDUM OF POINTS AND AUTHORITIES 8:26-CV-00005

5509406.1

1    harm must be directly related to RESPA violation; mere filing of lawsuit does not

2    suffice as actual damages).

3        Here, there are simply no allegations in the Complaint establishing that Plaintiff

4    suffered any actual damages as a direct result of any alleged violation of 12 C.F.R. §

5    1024.41(c)(3)(i)(A)-(D). For this additional reason, the Motion to Dismiss should be

6    granted.

7

8        c.    **Compliance with 12 C.F.R. § 1024.41 Was Not Required**

9              **Because Plaintiff Had Previously Been Granted a Loan**

10             **Modification.**

11       Compliance with 12 C.F.R. § 1024.41 is not required if a loan servicer has

12   previously complied with the requirements of this section on a borrower's account.

13   *Thomas v. Wells Fargo Bank, N.A.*, 2017 WL 3877739, at *4 (S.D. Cal. Sept. 4,

14   2017).  Section 1024.41 does not obligate servicers to consider multiple complete loss

15   mitigation applications from a single borrower or consider duplicative requests.  (*Id.*;

16   *Coury,* 2016 WL 6962882, at *4 (servicer had no obligation to comply with the

17   requirements of section 1024.41 for any subsequent complete loss mitigation

18   application when it previously had responded to previous complete applications).

19       In this instance, Plaintiff acknowledges in the Complaint that he had already

20   received a loan modification from PNC in 2022. (RFJN, Exhibit "4"; Compl., ¶14.)

21   Because PNC had already complied with 12 C.F.R. § 1024.41, as made clear by the

22   allegations of the Complaint, PNC was not required to comply again.

23       4.    **The Fourth Cause of Action for "Wrongful Foreclosure" Fails**

24             **to State a Claim.**

25       In order to state a claim for wrongful foreclosure, a plaintiff must allege (1) the

26   trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real

27   property pursuant to a power of sale in a deed of trust, (2) the party challenging the

28   sale was prejudiced or harmed, and (3) the trustor or mortgagor tendered the amount

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

15

5509406.1

1    of the secured indebtedness or was excused from tendering. *Mattos v. Nationstar*

2    *Mortgage, LLC*, 2025 WL 1263985, at *4 (E.D. Cal. May 1, 2025). In addition, the

3    plaintiff must establish that at the time the sale was exercised, no breach of condition

4    or failure to perform existed on the mortgagor's or trustor's part which would have

5    authorized the foreclosure or exercise of the power of sale. *Roque v. Suntrust*

6    *Mortgage, Inc.*, 2010 WL 546896, at *4 (N.D. Cal. Feb. 10, 2010).

7         Here, Plaintiff has not alleged the required elements of a wrongful foreclosure

8    claim.  To the extent Plaintiff is relying on his RESPA regulation claims as the basis

9    for his wrongful foreclosure action, those claims fail for the reasons discussed above.

10   Moreover, Plaintiff has failed to – and cannot – plead facts establishing that at the

11   time the sale was exercised, he had tendered the amount due or was excused from

12   tendering.

13             a.    **Plaintiff Has Failed to Allege Tender of the Loan Debt.**

14        It is well settled that a borrower must make a valid and viable tender of the loan

15   debt in order to challenge or cancel a foreclosure sale. *Karlsen v. American Savings &*

16   *Loan Assn.*, 15 Cal.App.3d 112, 117 (1971).  "[B]ecause a cause of action to cancel a

17   written instrument . . . sounds in equity, a debtor must generally allege tender or offer

18   of tender of the amounts borrowed as a prerequisite to such claims." *Saterbak v. JP*

19   *Morgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 819 (2016).

20        An action to set aside a foreclosure sale that is unaccompanied by tender of the

21   debt fails to state a cause of action which a court of equity recognizes. *Karlsen,* 15

22   Cal.App.3d at 117; *Abdallah v. United Savings Bank,* 43 Cal.App.4th 1101, 1109

23   (1996).

24        Here, Plaintiff does not allege anywhere in the Complaint that he at any time

25   offered to tender the loan debt or had the ability to pay the loan debt.  Plaintiff's

26   failure to allege tender and the ability to pay renders the wrongful foreclosure claim

27   (and, indeed all of Plaintiff's claims in the Complaint) defective and subject to

28   dismissal.

16

5509406.1

1

2

**b.**  **Plaintiff Cannot Allege Facts to Set Aside a Foreclosure Sale Against a Bona Fide Purchaser.**

3    Under California law, a lender has the right to non-judicially foreclose upon a

4  borrower's default with a deed of trust which has a power of sale clause.  *Barbieri v.*

5  *PWFG REO Owner, LLC*, 2013 WL 57865, at *4 (N.D. Cal. Jan. 2, 2013).

6    The comprehensive statutory framework governing nonjudicial foreclosures

7  under the California Civil Code is intended to be exhaustive, and a properly conducted

8  nonjudicial foreclosure sale constitutes a final adjudication of the rights of the

9  borrower and lender. *Moeller v. Lien*, 25 Cal.App.4th 822, 830-831 (1994).  If the

10  trustee's deed recites that all statutory requirements and procedures required by law

11  for the conduct of the foreclosure have been satisfied, a rebuttal presumption arises

12  that the sale has been properly conducted; this presumption is <u>conclusive</u> as to a bona

13  fide purchaser.  (*Id.* at 831; *Barbieri*, 2013 WL 57865, at *4.)

14    Here, the Trustee's Deed Upon Sale recites that the foreclosing trustee has

15  "complied with all applicable statutory requirements of the State of California and

16  performed all duties required by the Deed of Trust including sending a Notice of

17  Default and Election to Sell within ten/thirty days after its recording and a Notice of

18  Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to

19  each person entitled to notice in compliance with California Civil Code 2924b."

20  (RFJN, Exhibit "7.")  The Trustee's Deed Upon Sale further states that "[a]ll

21  requirements of law regarding the mailing of copies of notices or the publication of a

22  copy of the Notice of Default or the personal delivery of the copy of the Notice of

23  Default and the posting and publication of copies of the Notice of Sale have been

24  complied with."  In light of the foregoing language in the Trustee's Deed, and the fact

25  that the Subject Property was sold to bona fide purchasers (Nguyen and Tran) at the

26  foreclosure sale, there is a <u>conclusive</u> presumption of validity as to the foreclosure

27  sale. Therefore, any attempts to challenge the validity of the foreclosure sale must fail

28  and the Motion to Dismiss should be granted.

MEMORANDUM OF POINTS AND AUTHORITIES 8:26-CV-00005

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

5509406.1

**B.**     **A Motion to Dismiss Pursuant to FRCP 12(b)(7) is Appropriate Because Plaintiff Failed to Join All of the Necessary Parties Under Rule 19.**

To the extent Plaintiff seeks to set aside the foreclosure sale, Plaintiff would also need to join any and all third parties who currently have, or have had an ownership or lien interest, in the Subject Property, including the bona fide purchasers, Nguyen and Tran. Because Plaintiff failed to join all necessary parties, including Nguyen and Tran, under Rule 19 of the Federal Rules of Civil Procedure, the Motion to Dismiss should also be granted for this reason.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant PNC BANK, N.A. respectfully requests that the Court grant its Motion to Dismiss without leave to amend and dismiss the Complaint with prejudice.

DATED: January 9, 2026             WOLFE & WYMAN LLP


By: */s/ Libby Wong*
    LIBBY WONG
Attorneys for Defendant
PNC BANK, N.A.

MEMORANDUM OF POINTS AND AUTHORITIES 8:26-CV-00005

5509406.1

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant PNC BANK, N.A., certifies that this memorandum of points and authorities contains approximately 3,720 words, which complies with the word limit of L.R. 11-6.1.


DATED:  January 9, 2026                    WOLFE & WYMAN LLP


By:    */s/  Libby Wong*_____
         LIBBY WONG

19

5509406.1

1

**PROOF OF SERVICE**

2   **STATE OF CALIFORNIA**       )
                                   ) **ss.**

3   **COUNTY OF ORANGE**       )

4   I, Rebecca Nichols, declare:

5   I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business and e-mail addresses are as follows: 2212 Dupont Drive, Irvine, California 92612-1525; rsnichols@ww.law

7   On January 9, 2026, I served the document(s) described as follows on all interested parties **DEFENDANT PNC BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

☐    **BY MAIL** as stated on the ATTACHED SERVICE LIST as follows:

☐    **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☐    **BY ELECTRONIC MAIL SERVICE** as follows:  I caused the following party(s) to be served the above listed document(s) by electronic mail service at the following email addresses to the party(ies) noted on the attached Service List.

☒    **BY ELECTRONIC MAIL** as follows:  I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case.  Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office**.**

☐    **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on January 7, 2026, at Irvine, California.

_____
Rebecca Nichols

**SERVICE LIST**
**U.S. District Court – Central – Case No.**
**Removed from: OCSC – Case No.  30-2025-01528715-CU-OR-CJC**
**Rickard v. PNC**
**W&W File No. 1264-824**
**[Revised: December 17, 2025]**

Tony Cara, Esq.                    Attorneys for Plaintiff Jesse M. Rickard
CDLG, PC
2973 Harbor Blvd., Suite 594       Tel: (888) 615-6765
Costa Mesa, CA 92626-3912          Fax: (888) 660-8874
                                   cdlglawyer@gmail.com